IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2309-FL

| | | |
|---|---|---|
| OVIDIU IONUT ISAC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRICK TRIPP, | ) | |
| | ) | |
| Respondent. | ) | |

The matter now is before the court on respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE 7). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

Petitioner, a federal inmate incarcerated at Rivers Correctional Institution, was convicted in the United States District Court for the Northern District of Illinois of conspiracy to defraud the United States and theft of government funds. (Pet.¶ 4). At some point, petitioner participated in the Federal Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP"). (Pet. Mem. in Supp. p. 5). The RDAP drug treatment program has the following three required components: a unit-based component which consists of a course of activities provided by the Psychology Services Department in a treatment unit; follow-up services as time allows before the transitional component; and transitional drug abuse treatment in a community-based program. See 28 C.F.R. § 550.53. As an incentive for an inmate's successful completion of the RDAP, the statute provides "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a

treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Petitioner states that the BOP initially determined that he was eligible for the one-year reduction in sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). (Pet. Mem. in Supp. p. 5).

On January 30, 2015, the United States Department of Homeland Security United States Immigration and Customs Enforcement ("ICE") issued an immigration detainer which stated that "there is reason to believe [petitioner] is an alien subject to removal from the United States." (Pet. Exs. pp. 20-21). As of the date petitioner filed the instant action, ICE has not determined whether petitioner will be removed from the United States. (Id. Mem. in Supp. pp. 5-6). However, after the issuance of the detainer, petitioner no longer was eligible to obtain early release pursuant to § 3621(e)(2)(B) because the detainer disqualified him from eligibility for the final component of the RDAP– placement in a community based program. See 28 C.F.R. § 550.53; (Pet. Mem. in Supp. 5).

On December 30, 2015, petitioner initiated this petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241. In it, petitioner contends that the mandatory nature of the ICE detainer violates his rights pursuant the Fourth and Tenth Amendments to the United States Constitution and that the BOP's decision to deny him early release consideration, pursuant to § 3621(e)(2)(B), violates the Due Process Clause of the Fifth Amendment to the United States Constitution. As relief, petitioner requests that "the INS detainer notice of action letter be treated properly as a request and not a mandatory hold." (Pet. ¶ 15). On June 3, 2016, respondent filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion was fully briefed.

2

**DISCUSSION**

A.	Standard of Review

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by respondents. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

B.	Analysis

1.	Challenge to ICE Detainer

Petitioner asserts that the mandatory nature of the ICE detainer violates his rights pursuant the Fourth and Tenth Amendments to the United States Constitution. Federal jurisdiction over a petition for a writ of habeas corpus exists only for persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c). Petitioner currently is in custody purusant to his federal criminal sentence, and the presence of an ICE detainer does not affect his status as a sentenced federal

offender. See Ogunde v. Holder, C/A No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D.Va. Oct. 1, 2013) ("[A]n immigration detainer does not subject a prisoner to [ICE] custody."), appeal dismissed, 563 F. App'x 237 (4th Cir. 2014); 8 C.F.R. § 239.1(a). Rather, "[the detainer] merely notifies prison officials that a decision regarding his deportation will be made . . . at some future date." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir.1988).

Here, petitioner makes clear that he is not attacking the legality of his federal criminal conviction or sentence. (Pet. ¶ 10(c)). Rather, petitioner challenges what he describes as the mandatory nature of his ICE immigration detainer. Because petitioner is not in ICE custody, he cannot meet the "in custody" requirement necessary to challenge his immigration detainer pursuant to § 2241. See Richard v. Immigration and Naturalization Servs., C/A No. 0:11–1508–JFA–PJG, 2011 WL 5876916, at *1 (D.S.C. Nov.22, 2011) (holding that a challenge to an ICE detainer based on prisoner's inability to make bond was subject to summary dismissal because "the lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241"); see also Sewell v. Stephens, C/A No. 5:10–HC–2247–FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.") (citation omitted). Based upon the foregoing, the court GRANTS respondents' motion to dismiss.

2. Individual RDAP Claim

Petitioner challenges the BOP's decision to deny him early release eligibility based on the existence of the ICE detainer. Federal regulations provide that immigration detainees are not eligible for early release under § 3621(e). See 28 C.F.R. § 550.55(b)(1). Additionally, the Administrative Procedures Act, 5 U.S.C. §§ 701-706 ('APA'), specifically denies courts the authority to review the BOP's decisions under 18 U.S.C. § 3621. See Reeb v. Thomas, 636 F.3d

4

1224, 1227 (9th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes judicial review of "any determination" by the BOP made pursuant to 18 U.S.C. §§ 3621-3625) (internal quotation omitted). Thus, the BOP's discretionary decision with respect to whether petitioner is eligible for a sentence reduction pursuant to § 3621(e)(2)(B) is not reviewable by this court.

To the extent petitioner raises a due process challenge, he cannot prevail because inmates do not have a protected liberty interest in the RDAP's discretionary early release benefit, in pre-release placement in a community correctional facility, or in a particular custody classification. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (concluding that discretionary determinations regarding conditions of confinement such as custody classification do not create due process rights); Peck v. Thomas, 697 F.3d 767, 774 (9th Cir. 2012) (inmate has no liberty interest in sentence reduction in exchange for completion of the RDAP); see also, Talero v. O'Brien, No. 1:11CV169, 2012 WL 1697348, at *6 (N.D.W. Va. Apr. 19, 2012) ("[S]everal courts, including this one, have found that there is no protected liberty interest in discretionary early release under 18 U.S.C. § 3621(e) for completion of the RDAP.") (citations omitted), adopting memorandum and recommendation, 2012 WL 1697101 (May 15, 2012). Based upon the foregoing, petitioner's allegations are insufficient to confer habeas jurisdiction for this claim.

## CONCLUSION

For the foregoing reasons, respondents' motion to dismiss (DE 7) is GRANTED, and the action is DISMISSED without prejudice. The court denies a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 16th day of December, 2016.

LOUISE W. FLANAGAN
United States District Judge